IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CITY OF PARAGOULD, ARKANSAS | PLAINTIFF |
| VS.   3:09CV00172-WRW | |
| CONNIE BURNS WATKINS and<br>RICHARD WATKINS | DEFENDANTS/<br>THIRD-PARTY PLAINTIFFS |
| VS. | |
| MIKE GASKILL, *et al.* | THIRD-PARTY DEFENDANTS |

### ORDER

Pending are Third-Party Defendants' Motion to Strike Fifth Amended Counterclaim and Cross-Complaint (Doc. Nos. 5, 6). Defendants have responded.[1]

On September 18, 2009, Defendants filed a 300-page Fifth Amended Counterclaim that added numerous third-party defendants and several claims for violations of federal law. Defendants filed the Fifth Amended Counterclaim 33 months after the commencement of the action, and four weeks before the trial date. Additionally, the Fifth Amended Counterclaim attempts to add claims that appear to have either been previously ruled upon by the Greene County Circuit Court,[2] barred by statute of limitations,[3] or barred by the *Rooker-Feldman* doctrine.[4]

---

[1] Doc. Nos. 8, 9.

[2] See Doc. No. 3-10 (Order granting partial summary judgment on all claims except: selective enforcement; breach of contract; outrage; trespass; harassment; property damage; and excessive force. More specifically, the claims for "alleged constitutional violations . . . unlawful arrest . . . [and] malicious prosecution" were dismissed.).

[3] For example, 42 U.S.C. § 1986 has a 1-year statute of limitations.

[4] Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments. If a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

Rule 14 of both the Arkansas Rules of Civil Procedure and Federal Rules of Civil Procedure requires a third-party plaintiff to obtain leave of the court before filing a third-party complaint. Defendants' attempt to file a Fifth Amended Counterclaim without leave of the court is in violation of Rule 14. Had Defendants sought leave of the court, the request likely would have been denied, based on untimeliness, proximity to the trial date, previous court rulings, and the fact that several of the new claims appear to lack merit.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Third-Party Defendants' Motions to Strike Fifth Amended Counterclaim and Cross-Complaint (Doc. Nos. 5, 6) are GRANTED, and Defendants' Fifth Amended Counterclaim and Cross-Complaint is STRUCK.

Defendants' Motion to Have All Claims Removed to Federal Court Under 28 U.S.C. § 1367 (Doc. No. 15) is DENIED. All remaining pending motions (Doc. Nos. 10, 11, 14, 19, 24, and 25) are DENIED as MOOT.

Because diversity is lacking and the Court now lacks federal question jurisdiction, this case is REMANDED to the Circuit Court of Greene County, Arkansas, Civil Division.

IT IS SO ORDERED this 26th day of October, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE