IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CITY OF PARAGOULD, ARKANSAS                                                PLAINTIFF

VS.                                        3:09-CV-00172-BRW

CONNIE BURNS WATKINS and                                                   DEFENDANTS
RICHARD WATKINS

**ORDER**

Pending is Plaintiff's Motion to Reopen Case and Notice of Removal of Newly Alleged Federal Claims (Doc. No. 52) and Defendant's Motion to Clarify (Doc. No. 66), Motion for Recusal or Disqualification of Judge Billy Roy Wilson, Jr. (Doc. No. 67), and Motion to Remand (Doc. No. 72). For the reasons set forth below, Plaintiff's Motion to Reopen Case and Notice of Removal of Newly Alleged Federal Claims (Doc. No. 52) is DENIED. Accordingly, Plaintiff's motions (Doc. Nos. 66, 67, 72) are DENIED as MOOT.

**I. INTRODUCTION**

Plaintiff filed its initial Complaint in the Circuit Court of Green County, Arkansas naming Connie and Richard Watkins as Defendants.[1] Defendants counter-claimed -- asserting additional causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against separate third party defendants -- and the case was removed to the federal district court. Upon granting Third-Party Defendants' Motion to Strike Fifth Amended Counterclaim and Cross-Complaint, I remanded the case back to state court for lack of subject matter jurisdiction.[2] Defendants appealed to the Eighth Circuit Court of Appeals and the appeal was dismissed.[3]

---

[1] Doc. No. 52.

[2] Doc. No. 27.

[3] Doc. No. 48.

1

Defendants then filed a Supplement to Fourth and Fifth Amended Counterclaim in the Green County Circuit Court.[4]  The Supplement alleges that Plaintiff violated federal law.  Based on the newly-added federal claims, Plaintiff filed a notice of removal and asks this Court to reopen the case.

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), when a plaintiff files a complaint in state court that could have been filed originally in federal court, the defendant may remove the action to federal court.[5] "A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arose under federal law.  A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law[.]"[6] Under the well-pleaded complaint rule, a counter-claim cannot serve as the basis for a district court's federal question jurisdiction.[7]  It follows that the right to remove a case to federal court belongs exclusively to a defendant; neither a plaintiff, cross-defendant, nor third-party defendant may remove a case to federal court.[8]

---

[4]Doc. No. 52.

[5] 28 U.S.C. § 1441(a).

[6]*Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504-05 (8th Cir. 2001).

[7]*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

[8]See *Holmes Group, Inc.*, 535 U.S. at 831-32; see also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (holding that counter-claim defendant may not remove a suit to federal court); *Lewis v. Windsor Door Co., a Div. of Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991) (holding that a third party defendant may not remove a suit to federal court); *Elkhart Cooperative Equity Exchange v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989) ("a third-party or cross-claim defendant is not a defendant contemplated within the meaning of § 1441(a)" and cannot remove a suit to federal court); *Folts v. City of Richmond*, 480 F. Supp. 621 (E.D. Va. 1979) (refusing to realign parties and holding that a cross-claim defendant could not remove a suit to federal court).

3

Here, Plaintiff/Counter-Defendant seeks to remove this case to federal court based on Defendant's counter-claims arising under federal law. As set forth above, Plaintiff/Counter-Defendant lacks standing for removal -- the basis for removal is improper. Therefore, Plaintiff/Counter-Defendant's Motion to Reopen Case and Notice of Removal of Newly Alleged Federal Claims (Doc. No. 52) is DENIED. Defendant's Motion to Clarify (Doc. No. 66), Motion for Recusal or Disqualification of Judge Billy Roy Wilson, Jr. (Doc. No. 67), and Motion to Remand (Doc. No. 72) are DENIED as MOOT.

IT IS SO ORDERED this 23rd day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE